# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUSTER B. DAILY, JR., | Case No. 1:16-cv-01419-SKO |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security[1], | (Doc. 20) |
| Defendant. | |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying his application for Social Security disability benefits, on May 8, 2018, Plaintiff filed a motion for an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA") in the amount of $5,177.20. (*See* Doc. 20 at 7–8 (comprised of 26.35 hours in attorney time).) On May 9, 2018, the Court ordered Defendant's opposition, if any, to be filed by no later than June 10, 2018. (Doc. 22.) No opposition has been filed (*See* Docket); therefore, the motion is deemed unopposed. For the reasons set forth below, Plaintiff's motion for EAJA fees and expenses is GRANTED in PART.

## I. BACKGROUND

Plaintiff filed this action on September 23, 2016, seeking judicial review of a final

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on February 27, 2017). She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

administrative decision denying his application for Social Security disability benefits. (Doc. 1.) On August 2, 2016, the Court issued an order reversing the ALJ's decision and remanding the case for award or benefits based on the ALJ's failure (1) to articulate a clear and convincing reason for discounting Plaintiff's complaints of pain and (2) to provide a specific and legitimate reason supported by substantial evidence for giving "little weight" to the opinion of Plaintiff's treating physician. (Doc. 18.)

On May 8, 2018, Plaintiff filed a motion for EAJA fees, seeking a total award of $5,177.20. (Doc. 20 at 7–8 (seeking attorney's fees in the amount of $5,177.20, comprised of 26.35 hours in attorney time).) No opposition was filed. It is Plaintiff's motion for attorney's fees under the EAJA that is currently pending before the Court.

## II. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four

of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of [his] benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

## III. ANALYSIS

There is no dispute that Plaintiff is the prevailing party in this litigation, as the Court remanded the matter to the ALJ for further proceedings. (*See* Doc. 18 at 23); *see also Gutierrez*, 274 F.3d at 1257. Moreover, the Court finds that Plaintiff did not unduly delay this litigation, and that Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court further finds, as set forth below, that the Commissioner's position was not substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action").

### A. The Commissioner's Position was Not Substantially Justified.

Plaintiff asserts, and the Commissioner does not contest, that the Commissioner's underlying administrative decision and litigation position was not substantially justified. (Doc. 19 at 6-7; Doc. 20.) Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks and citation omitted). In other words, the government's position must have a reasonable basis both in fact and in law. *Id.* In considering whether the position of the government is substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier*, 727 F.3d at 870.

In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not address whether the Commissioner's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d

3

1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)).

Pursuant to *Meier*, determining whether the agency's position was substantially justified requires first examining the ALJ's decision for substantial justification. 727 F.3d at 870. Here, as detailed in the Court's prior order, the ALJ committed legal error by failing to (1) articulate a clear and convincing reason for discounting Plaintiff's complaints of pain and (2) provide a specific and legitimate reason supported by substantial evidence for giving "little weight" to the opinion of Plaintiff's treating physician. (*See* Doc. 18 at 13–20.) An ALJ's rejection of Plaintiff's testimony without giving clear and convincing reasons is the type of "basic and fundamental error[]"that is difficult to consider substantially justified. *See Shafer v. Astrue,* 518 F.3d 1067, 1071–72 (9th Cir. 2008) (holding that it was legal error to discredit Claimant's testimony without giving clear and convincing reasons, and that the Commissioner was not substantially justified in defending it*). See also, e.g.*, *Ondracek v. Comm'r of Soc. Sec.*, No. 1:15-cv-01308-SKO, 2017 WL 3421900, at *3 (E.D. Cal. Aug. 9, 2017) ("This Court has noted that an ALJ's failure to correctly evaluate testimony and rendering of a decision that is not supported by substantial evidence are the types of fundamental agency errors that are difficult to consider substantially justified.") (internal quotations omitted) (collecting cases). The same is true with respect to the ALJ's improper rejection of Plaintiff's treating physician's medical opinion. *See, e.g., Barrino v. Berryhill*, No. 2:15–cv–1841 DB, 2017 WL 4546979, at *2 (E.D. Cal. Oct. 12, 2017) ("[T]he Administrative Law Judge ("ALJ") improperly rejected three medical opinions, failed to offer specific, clear, and convincing reasons for rejecting plaintiff's testimony, and failed to offer a germane reason for discounting the testimony of plaintiff's husband . . . . [T]he court cannot find that the government's position was substantially justified."); *Margulis v. Colvin*, Case No. 1:13-cv-2021-SKO, 2016 WL 3916983, at *2 (E.D. Cal. July 19, 2016).

Moreover, the Commissioner's failure to oppose Plaintiff's fee request is tantamount to a concession that the Commissioner's position was not substantially justified. *See Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004) ("[W]e do not generally favor requiring judges in fee application proceedings to search out and research arguments that the other side does not make or

*sua sponte* to initiate an opposition to a fee request where none is offered by the party affected, at least in the absence of a showing of injustice or hardship . . . It is well-within our discretion to determine that the government's lack of timely opposition is tantamount to a concession that its position in the litigation was not substantially justified.") (citations omitted).

As the ALJ's underlying decision was not substantially justified, the Court need not address whether, under the second part of the substantial justification test, the Commissioner's litigation position was justified. *Meier*, 727 F.3d at 872 (citing *Shafer*, 518 F.3d at 1071). The Court therefore finds that Plaintiff is entitled to an award of fees pursuant to the EAJA.

**B.    Plaintiff's Requested Attorney's Fees Shall Be Modified.**

Plaintiff seeks a total award of $5,177.20, comprised of 26.35 hours of attorney time. (Doc. 20 at 7–8.) No opposition has been filed to Plaintiff's fee request. On its own motion, the Court notes one unnecessary and excessive billing entry.

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[2] 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley* 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could

---

[2] In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. Plaintiff requests an hourly rate of $192.68 for attorney work performed in 2016 and an hourly rate of $196.79 for attorney work performed in 2017 and 2018. These rates are consistent with the statutory maximum rates as set forth by the Ninth Circuit.

reasonably have been billed to a private client.").

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Here, Plaintiff's attorney obtained a positive outcome for Plaintiff in that the Court remanded the matter for further administrative proceedings. (*See* Doc. 20 at 5; *see also generally* Doc. 18.) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. Nor is there any evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in delay.

The total requested fee award amount of $5,177.20 shall be reduced. Plaintiff requests an hourly rate of $192.68 for attorney work performed in 2016 and an hourly rate of $196.79 for work performed in 2017 and 2018—both of which are consistent with the statutory maximum rates set forth by the Ninth Circuit. *See supra* note 2. However, Plaintiff requests .75 hours spent preparing a "Stipulation and Proposed Order For Award and Payment of Attorney Fees Pursuant to EAJA 28 U.S.C. § 2412(d)." (Doc. 20 at 8.) Yet no such stipulation was filed in this case, leading to the filing of the present motion for attorney's fees. Accordingly, the Court will deduct this amount (.75 hours at $196.79/hour) from the total fee award requested. *See Hensley*, 461 U.S. at 433–34 (hours requested may be reduced where expenditure of time deemed excessive, duplicative, or otherwise unnecessary). The Court finds that the remainder of the hours expended are well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like Social Security appeals before this court. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security

cases") (citing *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see also Thompson v. Colvin*, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be reasonable); *Boulanger v. Astrue*, 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

Plaintiff is therefore awarded EAJA fees for 25.60 total attorney hours for time spent on the litigation, for a total EAJA award in the amount of $5,029.61.[3]

### IV. CONCLUSION AMD ORDER

Based on the foregoing, the Court finds that Plaintiff's counsel reasonably expended 2.0 hours, at a rate of $192.68 per hour, and 23.6 hours, at a rate of $196.79 per hour, litigating this case.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees under the EAJA (Doc. 20) is GRANTED IN PART;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $5,029.61; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: **June 20, 2018**  /s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff requests that the fees awarded be made payable to Plaintiff and sent to the law offices of Plaintiff's attorney in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), which requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district routinely order payment directly to counsel so long as the plaintiff does not have a debt that is subject to offset and he assigned his right to EAJA fees to counsel. *See Young v. Berryhill*, No. 2:14–cv–2585–EFB, 2017 WL 4387315, at *3 (E.D. Cal. Oct. 3, 2017) (collecting cases). Here, Plaintiff assigned his right to EAJA fees to his attorney. (Doc. 20-1.) Accordingly, should Plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel.